# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

### CASE NO.: 3:17-cv-968

MARYANN DUFFER,

       Plaintiff,

vs.

A&N LINK LLC,

       Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, MARYANN DUFFER, for her Complaint against A&N LINK LLC states and alleges as follows:

### SUMMARY

1. A&N LINK LLC (hereinafter "Defendant") required and/or permitted ANTHONY LEE (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff, MARYANN DUFFER, is a FLSA non-exempt worker who was not fully compensated for the overtime hours she worked, as required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas because Defendant engages in business here.

## THE PARTIES

6. Plaintiff, MARYANN DUFFER, is a resident of Venus, Texas.

7. Defendant, A&N LINK LLC, is a domestic limited liability company operating in Texas. Service of process may be had on Defendant's registered agent, Nasir G. Hyder, 2606 Ashbury Circle, Arlington, Texas 76015.

## COVERAGE

8. Defendant, A&N LINK LLC, is each an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

10. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

11. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

12. Defendant A&N LINK LLC is a La Quinta hotel operating in Texas.

13. Defendant employed Plaintiff, MARYANN DUFFER, as a housekeeper from on or about February 2, 2016, through the present.

14. Defendant compensated Plaintiff $4.75 for every room cleaned.

15. Plaintiff worked an average of 45 to 50 hours per week.

16. Defendant failed to compensate Plaintiff the minimum wage for all hours worked and time and a half premiums for all hours worked over forty.

17. By way of example, on the pay period ending June 15, 2016, Plaintiff estimates that she worked 96 hours in her pay period; however, she was only compensated $489.25.

18. Defendant set Plaintiff's work schedule, determined her rate of pay, and provided payroll and human resources services.

### CAUSES OF ACTION

19. Plaintiff incorporates all allegations contained in the preceding paragraphs.

20. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

21. Defendant's failure to pay the minimum wage and full amount of overtime compensation owed to Plaintiff violates the FLSA.

22. Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

23. Additionally, Plaintiff is entitled to an amount equal to her unpaid minimum wage and overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

24. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

25. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

26. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. minimum wage compensation for all hours worked

B. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rates;

C. an equal amount as liquidated damages as allowed under the FLSA;

D. damages accrued for a three year period;

E. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

F. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:      (954) 585-4886
jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*